UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL A. COLLINS, *Pro Se*, | ) | Case No.: 1: 19 CV 1952 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| CITY OF CLEVELAND MUNICIPAL COURT, *et al*., | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

**Background**

*Pro Se* Plaintiff Carl A. Collins has filed a civil rights Complaint in this matter against the City of Cleveland Municipal Court, Chief Cleveland Police Prosecutor Kimberly Barnett Mills, Assistant Cleveland Police Prosecutor Karyn J. Lynn, and Ohio State Patrolman Hiram Morales. (ECF No. 1.)

The only allegations he sets forth in his Complaint are that the Defendants "as individuals and a group violated several of [his] Constitutional rights . . . [t]hereby placing the Plaintiff in a situation wherein he was convicted of a first degree misdemeanor and sentenced to fines and incarceration," which "would have been avoided if all of the Plaintiff's Constitutional Rights had been recognized and adhered to." (*Id*. at 4, ¶ III.)

For relief, the Plaintiff seeks "all damages punitive and exemplary be set aside and that he be made whole and relieved from the strictures of the false and unnecessary prosecution . . . ." (*Id*.,

¶ IV.)

With his Complaint, the Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (ECF No. 2.) That motion is granted. However, for the reasons stated below, his Complaint is summarily dismissed.

**Standard of Review and Discussion**

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

2

Even according the Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, it does not meet basic requirements, or state a plausible civil claim for relief, and must be dismissed pursuant to § 1915(e)(2)(B). The allegations set forth in the Plaintiff's Complaint are purely conclusory and are insufficient to suggest he has any plausible federal constitutional claim against any Defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). *See also Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right").

Further, to the extent the Plaintiff seeks damages in connection with allegations that he has somehow been subjected to an unlawful conviction in Cleveland Municipal Court, his action is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that a plaintiff may not pursue a damage claim arising out of an allegedly unlawful conviction or sentence unless and until he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. Nothing in the Plaintiff's Complaint suggests that the Municipal Court conviction of which he complains has been called into question or invalidated in any of the ways articulated in *Heck*. To the extent the Plaintiff may also be seeking to have his state conviction vacated or set aside, his sole federal remedy is writ of *habeas corpus*, which requires he demonstrate that he fully exhausted his state remedies. *See Preiser v. Rodriquez*,

411 U.S. 475 (1973). The Plaintiff may not seek to challenge the validity of a state conviction in a civil rights case.

## Conclusion

Accordingly, the Plaintiff's Complaint fails to state any plausible federal claim upon which he may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT COURT JUDGE

Dated: _____